**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD PADILLA,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

        Defendant-Appellee.

No. 12-2097
(D.C. No. 1:10-CV-01234-LAM-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

      Donald Padilla appeals from an order of the district court affirming the

Commissioner's decision denying his application for supplemental security income

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(SSI) benefits under the Social Security Act. He specifically challenges whether the Appeals Council should have considered additional evidence submitted after his hearing before the administrative law judge (ALJ). We exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and reverse and remand for further proceedings.

## I.      Background

Mr. Padilla filed an application for SSI in March 2006 alleging chronic degenerative joint disease, knee pain, obesity, and chronic pain. He was denied at both the initial and reconsideration levels. An ALJ held a hearing on Mr. Padilla's claims and on March 17, 2008, issued an unfavorable decision. The ALJ found Mr. Padilla suffered from two severe impairments, right knee osteoarthritis and obesity. The ALJ concluded, however, that Mr. Padilla was not disabled because he had the residual functioning capacity (RFC) to perform the full range of sedentary work, and such work existed in significant numbers in the national economy.

Mr. Padilla requested the Appeals Council review the ALJ's decision and submitted additional evidence to the Appeals Council. Specifically, Mr. Padilla submitted a psychological evaluation and an audiological evaluation, both of which took place after the ALJ's final decision. The psychological evaluation showed Mr. Padilla had severe depression, anxiety, and significant impairments in reading and writing. The report also noted "extreme limitation" in concentration, "marked limitation" in daily living activities, and "moderate limitation" in "maintaining

social functioning." Aplt. App. I at 226. The audiological evaluation revealed moderate-severe hearing loss in the right ear and mild-moderate hearing loss in the left ear.

The Appeals Council denied Mr. Padilla's request for review. The Appeals Council's order, however, did not list the additional evidence. Mr. Padilla then sought review in the district court, which remanded to the Appeals Council to consider the additional evidence and enter it into the record.

The Appeals Council again denied review, this time noting that it had considered the additional evidence and included it in the record. But it also added that the additional evidence was chronologically irrelevant and thus "[did] not affect" its decision about whether Mr. Padilla was disabled. *Id*. at 188. Mr. Padilla filed another complaint in the district court. The district court affirmed the ALJ's decision and found the Appeals Council properly considered the additional evidence. Mr. Padilla now appeals to this court.

## II.     Discussion

Mr. Padilla focuses on the Appeals Council's order. He contends that despite putting the additional evidence into the record, the Appeals Council did not properly consider the new evidence even though it met the requirements of 20 C.F.R. § 416.1470(b) (stating that additional evidence should only be considered if it is new, material, and related to the period before the date of the ALJ's decision). The Commissioner asserts that the Appeals Council did consider the additional evidence, but

simply determined that it did not provide a basis for challenging the ALJ's decision. The language in the Appeals Council's order is indeed unclear on this point, and the parties disagree about whether the Appeals Council considered the new evidence or rejected it because it did not qualify for consideration at all.[1] *See Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

We agree with Mr. Padilla that the Appeals Council did not consider the additional evidence he submitted. It is true the Appeals Council accepted the additional evidence into the record, and suggested that it considered the evidence by stating under the "What We Considered" section that the evidence did not provide a basis for changing the ALJ's decision. Aplt. App. I at 188. And the Appeals Council need not discuss the reasons why new evidence failed to provide a basis for changing the ALJ's decision. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005). Nevertheless, the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all. Under § 416.1470(b), the Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." And here, the Appeals Council explicitly stated that the additional

---

[1]     The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration under § 416.1470(b), then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

evidence did not relate to the period on or before the date of the ALJ's decision when it found that the "new information is about a later time" and "did not affect" its decision. Aplt. App. I at 188. Because temporal relevance is one of the predicate requirements under § 416.1470(b) to warrant consideration, the Appeals Council could not have considered the additional evidence after it found the new evidence was not temporally relevant. This case therefore boils down to whether the Appeals Council should have considered the additional evidence.

Whether evidence qualifies for consideration is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). As noted above, additional evidence should only be considered if it is new, material, and chronologically pertinent. 20 C.F.R. § 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id*.

Here, there is no question that the additional evidence is new—there was not a psychological or audiological evaluation at the time of the ALJ's decision, and the results of the evaluations are not cumulative. Mr. Padilla contends that the evidence is material because it raises questions about whether the ALJ's decision was supported by substantial evidence. He argues that the psychological report reveals severe mental impairments that the ALJ did not address or evaluate, and the audiologist's report found considerable

- 5 -

hearing problems. Both of these reports, Mr. Padilla asserts, could cause nonexertional limitations, but the ALJ's RFC only included exertional limitations. As a consequence, Mr. Padilla contends the ALJ's RFC could reasonably be found to be unsupported by substantial evidence because it failed to take into account the nonexertional limitations revealed by the additional evidence. We agree. The psychological report states that Mr. Padilla suffers from major depressive disorder, anxiety, and a few different learning impairments, illiteracy among them. Moreover, Mr. Padilla's low intellectual functioning suggests he could be presumptively disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05, because he had a full scale IQ score of 67. These are all indicative of nonexertional limitations that could reasonably have changed the outcome.

Finally, we agree that the reports are temporally relevant. As Mr. Padilla notes, the psychological report corroborates an anxiety diagnosis reported by Mr. Padilla's treating doctor, Dr. Evans, prior to the hearing, as well as Mr. Padilla's hearing testimony. Meanwhile, his intellectual functioning evaluation relates to and augments Dr. Evans' earlier report that he could not read or write. As to the audiological report, Mr. Padilla identifies the fact that he testified about his hearing loss during the hearing before the ALJ. The additional evidence thus relates to the time period before the ALJ's decision. As such, the Appeals Council should have considered the additional evidence in order to properly determine whether the ALJ's decision was supported by substantial evidence.

The judgment of the district court is reversed and remanded to the district court, with instructions to remand to the Appeals Council to consider the additional evidence.

Entered for the Court

John C. Porfilio
Senior Circuit Judge